UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. SCHRAMM, | ) | CASE NO.   3:03CV7655 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| NORMAN Y. MINETA, Secretary, | ) | |
| Department of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #29) of the United

States for Summary Judgment.  For the following reasons, the motion is granted.

**I. FACTUAL BACKGROUND**

Plaintiff William H. Schramm ("Schramm") was formerly employed by the Federal

Aviation Administration ("FAA") as an air traffic controller at the Toledo Express Airport in

Toledo, Ohio.  He went on administrative leave from his position with the FAA in November

of 1998 and ultimately retired on a disability pension from the agency in 1999.  In May of

2000, Schramm filed an employment discrimination action in the Northern District of Ohio

against the United States Secretary of Transportation, alleging he had been a victim of sex discrimination while employed by the FAA.  Plaintiff claimed he was subjected to a hostile work environment, disparate treatment and retaliation for engaging in an activity protected by Title VII of the Civil Rights Act of 1964 ("Title VII").  James Blumberg ("Blumberg"), an air traffic control specialist supervisor, was among the individuals named in that suit.  Summary judgment was granted to the FAA in that case by the Magistrate Judge.  On July 14, 2004, the Sixth Circuit Court of Appeals affirmed the Magistrate Judge's decision.  That lawsuit was pending when the events occurred that form the basis for the instant case.

On December 18, 2002, at the Toledo airport, Schramm assisted a process server in serving subpoenas upon witnesses in the sex discrimination suit for the pending trial.  The process server enlisted Schramm to identify the individuals to be served as they exited the tower, after the airport officials denied him access to the control tower.  Plaintiff alleges Blumberg, one of his former supervisors, became enraged when he was served with the subpoena and then left the control tower by a side exit.  Schramm claims he himself exited through the main doors of the lobby, and as he made his way to his car, Blumberg pulled around the corner in his pick-up truck.  While driving alongside of him, Plaintiff states Blumberg verbally abused him with comments to the effect that "they were not through with him" and "they would take care of him at trial."  Plaintiff claims he walked away, which provoked Blumberg to shift his truck into reverse, drive at Plaintiff at a high rate of speed, and swing around at the last possible second to block Plaintiff's path.  Schramm alleges Blumberg continued to follow him and verbally abuse him as he walked to the Port Authority Police Station to file a complaint.

On March 20, 2003, Schramm filed a formal Equal Employment Opportunity

Commission complaint.  Then, on November 7, 2003, Schramm filed his Complaint in U.S.

District Court against the FAA for severe retaliatory harassment against Plaintiff for his

participation in an activity protected by Title VII of the Civil Rights Act of 1964, § 704, as

amended, 42 U.S.C. § 2000e, *et seq*.  Schramm alleges Blumberg assaulted him in retaliation

for litigating the sex discrimination suit; and since the FAA had actual and constructive

knowledge of Blumberg's conduct, the Government is vicariously liable.

## II. LAW AND ANALYSIS

**Standard of Review**

**Motion for Summary Judgment**

A summary judgment should be granted only if "the pleadings, depositions, answers to

interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations

of fact, if any, timely filed in the action, show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law."  See, Fed. R. Civ. P.

56(c).  The burden is on the moving party to conclusively show no genuine issue of material

fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*,

39 F. 3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the

light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the

nonmoving party may not rest on its pleadings, but must come forward with some significant

probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F. 3d at

1347; *Lee v. Ritter*, No. 1:02-CV-282, 2005 WL 3369616, at *2 (E.D. Tenn. Dec. 12, 2005)

This Court does not have the responsibility to search the record *sua sponte* for genuine issues

of material fact.  *Betkerur v. Aultman Hospital Ass'n.*, 78 F. 3d 1079, 1087 (6ᵗʰ Cir. 1996);

*Guarino v. Brookfield Township Trustees*, 980 F. 2d 399, 404-06 (6ᵗʰ Cir. 1992).  The burden

falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson*

*v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make

the necessary showing on an element upon which it has the burden of proof, the moving party

is entitled to summary judgment.  *Celotex*, 477 U.S. at 323; *Lee*, 2005 WL 3369616 at *2.

Whether summary judgment is appropriate depends upon "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law."  *Amway Distributors Benefits Ass'n v. Northfield Ins.*

*Co.*, 323 F. 3d 386, 390 (6ᵗʰ Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Retaliation Under Title VII**

Title VII forbids an employer to discriminate against an employee because the

employee has "opposed" a practice that Title VII prohibits or has "made a charge, testified,

assisted, or participated in" a Title VII "investigation, proceeding, or hearing."  42 U.S.C.

§ 2000e-3(a).

In order to establish a *prima facie* case of retaliation under Title VII, a plaintiff must

show: (1) he engaged in activity protected by Title VII; (2) this exercise of protected rights

was known to defendant; (3) defendant took an adverse employment action against the

plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a

supervisor, and (4) there was a causal connection between the protected activity and the

adverse employment action or harassment.  *Morris v. Oldham County Fiscal Court*, 201 F. 3d

784, 792 (6th Cir. 2000).  Once a plaintiff has established a *prima facie* case, "the burden of

production of evidence shifts to the employer to 'articulate some legitimate,

nondiscriminatory reason' for its actions."  *Id*. at 792-793 (quoting *McDonnell Douglas Corp.*

*v. Green*, 411 U.S. 792, 802 (1973)).  If the defendant cannot establish a legitimate reason for

its actions, the plaintiff prevails.  *Ceckitti v. City of Columbus*, 14 Fed. Appx. 512, 516 (6th

Cir.2001); see also *Cline v. Catholic Diocese of Toledo*, 206 F. 3d 651, 658 (6th Cir. 2000).  If

a legitimate reason is established, then the plaintiff must demonstrate, by a preponderance of

the evidence, that defendant's proffered reason was pre-textual, i.e., that it "was not the true

reason for the employment decision."  *Morris*, 201 F. 3d at 793 (quoting *Texas Dept. of*

*Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

Plaintiff Schramm filed a Complaint against the FAA for sex discrimination in May of

2000.  Defendant does not dispute that fact, nor contest that prosecuting that Complaint

constitutes a protected activity.  However, whether Schramm's assisting in serving trial

subpoenas upon anticipated witnesses qualifies as a protected activity is genuinely disputed.

In answer to Plaintiff's Request for Admission No. 6 (ECF DKT #35), Defendant

responds in part as follows:

> "George G. Hughes, Manager of the Toledo Tower, was advised on December
> 18, 2002 that an individual was at the front door of the facility and wished to
> serve subpoenas on individuals working in the radar room and tower.  He
> called Howard Lyons, of the Great Lakes Region's Resource Management
> Branch, to determine whether the process server should be afforded access to
> the secured areas of the facility.  After a discussion with Lyons, Hughes
> decided not to give the process server access to the tower due to safety
> concerns and a desire not to interrupt the operation, administrative work or
> training being carried out.  Instead, he gave the process server access to the
> landing area leading to the tower which all employees would have to pass
> through going to or from work."

In the Court's view, this refusal of the process server's request to enter the radar tower, for non-aviation purposes, and during normal hours of operation, reflects a neutral policy, meant to foster airport security and to insure the safety of employees, as well as incoming and outgoing flights.  The tower personnel were responding to the process server, a member of the general public, and not reacting to Plaintiff Schramm.  The contention that Plaintiff was consequently "compelled" to assist the process server, and put in the position of "confronting" his former supervisor, James Blumberg, resulting in an assault, was, in reality his own choice and a situation of his own making.

Further, the Court agrees with Defendant, that a plaintiff in a Title VII lawsuit, or in any civil lawsuit, is normally not permitted to be involved in the subpoena process in any respect.  Pursuant to Fed. R. Civ. P. 45(b)(1): "A subpoena may be served by any person *who is not a party* and is not less than 18 years of age."  (Emphasis added).  Schramm could have applied to the Court for an order allowing him to assist the process server because of the unusual circumstances.  He did not.

Title VII anti-retaliation provisions protect reasonable conduct by the employee in pursuing and participating in litigation.  They do not provide license to flaunt the Federal Rules of Civil Procedure, nor do they justify some exception to federal aviation security policy.  Schramm's actions were counterproductive and unauthorized.  That Schramm was helping to serve subpoenas for a discrimination lawsuit does not excuse him, particularly since he could have secured service by using proper legal channels.  Certainly, the Court does not condone Blumberg's tortious conduct — i.e., using a vehicle to assault Schramm and put him in fear of bodily harm.  However, if the Court were to adopt Schramm's argument, Title

-6-

VII plaintiffs would believe themselves entitled, behind the shield of "protected activity", to act outside the procedural rules, and then sue their employers if they suffer an adverse employment action.  The Court will not countenance such a result nor establish such a precedent.

### III. CONCLUSION

For the foregoing reasons, the Court finds Plaintiff, William H. Schramm, cannot show he was engaged in a protected activity and cannot, therefore, establish a *prima facie* case of retaliation under Title VII.  Thus, the Court grants Defendant's Motion for Summary Judgment and dismisses Plaintiff's Complaint with prejudice.


**IT IS SO ORDERED.**

**DATE: February 11, 2008**


 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**